The complainant seeks to enjoin the defendants, as police officials of the city of Jersey City, from arresting him or in anywise interfering with him while engaged in political talk on the public streets and highways of said city. It appears from the bill of complaint that the complainant, under the authority of permits issued to him by the defendants, has several times engaged in such talk on the public streets of Jersey City, and that he sought and was refused a permit to speak on a public highway therein mentioned. He avers that he is entitled to speak on such public highway without a permit therefor; that he made known to the defendants his intention so to do, and thereupon they informed him that if he persisted in his expressed determination to speak publicly at the time and place mentioned, he would be arrested. The bill of complaint manifests that the complainant is obsessed with the idea that under the guise of free speech he has an *Page 9 
unqualified right to speak to audiences gathered by him at such times and on such public streets and highways as he may select for his purpose, without obtaining a permit therefor, and in disregard of the authority of the police officials of the city in the premises. Preliminarily, and aside from the alleged right of the complainant to carry out his contemplated purpose, I deem it appropriate to say that the complainant's bill of complaint does not set forth an equitable cause of action. The complainant by his bill avers, among other things, that meetings heretofore held and addressed by him on the public streets of Jersey City have been attended by upwards of one thousand five hundred persons, and that a similar or greater number of persons are expected to attend such meetings as he contemplates addressing. Upon the presentation of the bill to me the complainant applied for an order to require the defendants to show cause why they should not be restrained from arresting him or in anywise interfering with him because of his exercising his aforesaid alleged unqualified right of public speaking pending a hearing on his bill, and for an ad interim restraint against said defendants pending the return of such order. His application therefor was denied, and pursuant to the requirement of rule 209 such denial was endorsed upon the bill which has been placed on the files of the court.
The complainant misconceives the extent of his right in the premises. It is a well-established rule of law that a court of equity will not enjoin the arrest of a person. It is also a well-established rule of law that courts of equity will not protect by injunction rights purely political in their nature. The court must assume in this case that the defendants, as police officials, will observe the law in the performance of their public duties. Mala fides is never presumed against public officials in the discharge of their public duties. Police officers will not be enjoined from performing their duties in the exercise of the general public power, even though it be urged that their acts are performed in an oppressive and unlawful manner. The remedy for an alleged grievance in this respect is ordinarily an action for damages, or by a criminal *Page 10 
prosecution. It is manifest, as a matter of public policy, that police officials, in the absence of regulations or restrictions prescribed by statute or municipal ordinance, should have the right to determine whether persons seeking the opportunity of speaking to audiences gathered on public streets and highways should be afforded the privilege so to do, and, if so, the time and place when and where such privilege should be exercised. Municipal officers have authority to prohibit the gathering or assembly of persons in the public streets and highways in such a way as to interfere with or impede traffic. The public streets and highways are not places where any person may claim an unqualified right to be for the purpose of addressing assemblages gathered as audiences; they are intended for passage and traffic and not for assemblage. Sound public policy forbids that courts should interpose by injunctive process to hamper or thwart the power and discretion of the police touching the performance of the duties which the law has cast upon or entrusted to them pertaining to the public weal. The issuance of a permit such as sought of the defendants by the complainant carries with it the exercise of a discretion in the discharge of a public duty, in passing upon which they must of necessity take in consideration the public safety as well as the public convenience, and such discretion involves, among other things, the time when, the place where, and the conditions under which the proposed meeting be held, as well as the congestion in the street or highway at the point where it is proposed to hold the meeting, and the public disturbance which such meeting may occasion. The use of the public streets and highways must necessarily be regarded as subject to such reasonable regulations as the municipal governing body or its duly accredited public officers may deem advisable and requisite to make and enforce for the public welfare. Free speech does not mean unbridled license of speech or such as may tend to a breach of the public peace. The constitutional guaranty of free speech does not prevent the governmental authorities from regulating the use of public streets and highways and places within their supervision and control, in so far as they exercise their authority reasonably and in furtherance of the general public welfare. *Page 11